IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JASON DALE COLE, and<br>CRYSTAL FAYE CHESSER,<br><br>    Defendant. | Case No. CR-24-080-RAW |

**ORDER**

Defendant Cole is charged in the Indictment with the following ten counts:

- Count One: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);
- Count Two: possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2);
- Count Three: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Four: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii);
- Count Five: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);
- Count Six: possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D);
- Count Seven: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Eight: possession of unregistered firearm in violation of 26 U.S.C. §§ 5846, 5861(d) and 5871;
- Count Nine: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii); and
- Count Ten: maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

Now before the court is Defendant Cole's motion to dismiss and/or strike portions of certain counts of the Indictment [Docket No. 104] and the Government's response thereto [Docket No. 145].

First, Defendant Cole argues that the court should strike the portion of Count Nine of the Indictment that references 18 U.S.C. § 924(c)(1)(B)(ii) because it fails to state an offense pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). The Defendant points out that Count Nine does not allege that the firearm is a machine gun or a destructive device *or* that the firearm is equipped with a silencer; thus, Count Nine does not allege either one of the two instances that would make this a sufficient allegation of a violation of § 924(c)(1(B)(ii).

In response, the Government agrees that it failed to allege that the firearm is equipped with the silencer and states that the appropriate remedy is to dismiss the portion of Count Nine that relates to 18 U.S.C. § 924(c)(1)(B)(ii) and proceed to trial on the portion of Count Nine that remains under § 924(c)(1)(A)(i). The Government further notes that it intends to re-present the matter to the Grand Jury and seek a Superseding Indictment properly alleging that the firearm was equipped with the silencer under 18 U.S.C. § 924(c)(1)(B)(ii). Accordingly, this portion of the Defendant's motion is GRANTED, and the portion of Count Nine that relates to 18 U.S.C. § 924(c)(1)(B)(ii) is dismissed without prejudice.

Second, the Defendant argues that Counts Three and Seven should be dismissed because § 922(g)(1) is unconstitutional both facially and as applied to him. The Defendant correctly acknowledges that the current governing law in this Circuit does not allow the court to grant this motion. He states that he includes it to preserve the issue. Section 922(g)(1) has consistently been upheld as facially constitutional, and the Defendant acknowledges the Tenth Circuit's recent decision in *Vincent v. Bondi*, No. 127 F.4th 1263 (10th Cir. 2025). In that decision, the Tenth Circuit held that *McCane*[1] remains binding after *Rahimi*[2] and that under *McCane*, the

---

[1] *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009).
[2] *United States v. Rahimi*, 602 U.S. 680 (2024).

Second Amendment does not prevent the application of § 922(g)(1) to nonviolent offenders. *Id.* at 1266. Furthermore, the Defendant makes no specific argument as to how § 922(g)(1) is unconstitutional as applied to him.[3] This portion of the Defendant's motion is DENIED.

Finally, the Defendant argues that the court should grant relief on multiplicitous counts. He argues there are two sets of multiplicitous counts: (1) Counts Two, Three, and Four; and (2) Counts Seven, Eight, and Nine. The Defendant requests the court direct the Government to elect which count to take to trial within the two sets of multiplicitous counts. In the alternative, he requests the court to consider how to reduce the prejudice to him from these multiplicitous counts at trial and in the jury instructions.

The Government states that the first set of counts – Two, Three, and Four – pertains to the machine gun seized from the Defendant's truck on November 18, 2023, and that the second set of counts – Seven, Eight, and Nine – pertains to the firearm silencers seized from the Defendant's premises during the execution of the search warrant.[4] The Government argues that multiplicity is not fatal to an Indictment and that it may submit multiplicitous charges to the jury.

The Government then argues, however, that the charges are not multiplicitous because each count requires proof of an element that the others do not. Specifically, the Government argues that under *Blockburger v. United States*, 284 U.S. 299, 303-304 (1932), multiple convictions do not violate double jeopardy if each offense requires proof of an element not contained in the other. Here, each count requires at least one unique element of proof.

---

[3] It appears that he has at least one prior violent offense. See Docket No. 49.
[4] The court notes that it is not clear from the Indictment that the "first set" of counts pertains entirely to the machine gun, as another weapon is listed in addition to the machine gun in Counts Three and Four. Similarly, it is not clear that the "second set" of counts pertains entirely to the silencers. Count Seven references eight firearms, Count Eight references five silencers, and Count Nine references firearm and silencer.

In *United States v. Johnson*, 130 F.3d 1420 (10th Cir. 1997), the Tenth Circuit discussed *Blockburger* and Congress' intent in enacting § 922(g). The Circuit found that two convictions under § 922(g) for the same conduct were multiplicitous and directed the district court to vacate one of the convictions. *Id*. at 1424-26. In an unpublished case, *United States v. Barber*, 303 Fed.Appx. 652 (10th Cir. 2008), the Tenth Circuit later held that convictions under §922(g) and § 924 for the same conduct were not multiplicitous. *Id*. at 656.

The Tenth Circuit has also held that while "simultaneous possession" of multiple firearms generally constitutes one offense, when stored in different places or acquired at different times, they may constitute separate offenses. *United States v. Hutching*, 75 F.3d 1453, 1459-60 (10th Cir. 1996). In that case, three weapons were seized on the same day from the defendant's bedroom, his car, and his pickup truck. "The scattered locations of the guns constituted separate storages that permitted possession of each firearm to constitute a separate offense." *Id*. at 1460. Other Circuits have ruled similarly.[5]

When multiplicitous counts are alleged, the "decision of whether to require the prosecution to elect between [them] before trial is within the discretion of the trial court." *Johnson*, 130 F.3d at 1426. "The risk of a trial court not requiring pretrial election is that it 'may falsely suggest to a jury that a defendant has committed not one but several crimes.'" *Id*. (citations omitted). "'Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue,' and will reach a

---

[5] *United States v. Kennedy*, 682 F.3d 244, 255-56 (3rd Cir. 2012); *United States v. Webber*, 255 F.3d 523, 527 (8th Cir. 2001) (noting that determining whether an indictment is multiplicitous is "fact-intensive, involving issues such as whether the guns were acquired at the same time, stored in the same place, and seized by the government in the same search."); *United States v. Mitran*, 996 F.2d 1220 (7th Cir. 1993). *See also United States v. Arline*, 835 F.3d 277, 283 (2nd Cir. 2016) (possession of guns on separate occasions supported multiple convictions).

compromise verdict or assume the defendant is guilty on at least some of the charges." *Id*. (citations omitted).

Of course, when a defendant is convicted of multiplicitous counts, the remedy is to vacate one of the convictions. *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006). Generally, this court has allowed the Government to proceed on all charges. In this case, however, the Government has charged the Defendant with ten crimes. The aforementioned risks here are higher.

Nevertheless, given the different weapons and statutes charged, it is unclear whether there are any multiplicitous counts. As the Government has already informed the court that it is seeking a Superseding Indictment related to Count Nine, the court directs the Government to make clearer what weapon/conduct is charged in each count. In its discretion, the court also directs the Government to elect between any potential multiplicitous charges. To the extent any multiplicitous charges appear in the Superseding Indictment, the court will endeavor to remedy any prejudice to the Defendant both at trial and in the jury instructions.

The Defendant's motion to dismiss and/or strike portions of certain counts of the Indictment [Docket No. 104] is hereby granted in part and denied in part as stated herein.

**IT IS SO ORDERED** this 27th day of June, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**