IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JASON DALE COLE, and<br>CRYSTAL FAYE CHESSER,<br><br>    Defendant. | Case No. CR-24-080-RAW |

## ORDER

    Before the court is Defendant Cole's objection to the Government's notice of intent to offer expert witness Ryan Young [Docket No. 110]. Defendant Chesser joins in the motion [Docket No. 113]. The Defendants object to the portion of the notice stating that:

> the United States will elicit from SA Young that in his opinion, Defendant's possession of over 500 grams of methamphetamine and over 50 kilograms of marijuana, along with his possession of drug paraphernalia, is indicative of Defendant's intent to distribute methamphetamine and marijuana.

Docket No. 55, at 2. No response has been filed. The Government supplemented the notice, but the supplement does not appear to pertain to the objection. Docket No. 115.

    Defendants make no objections to Special Agent Young's qualifications. Instead, Defendants argue that S.A. Young, a blind witness, cannot testify about Defendant Cole's intentions or that Defendant Cole in fact possessed marijuana and methamphetamine.

    This court has previously ruled that that S.A. Young is qualified to testify about drug operations and the typical drug amounts carried for personal use or for sale and that his knowledge is beyond the ken of the average juror. *United States v. Young*, CR-24-158, Docket

No. 58. Moreover, "[a]n expert's conclusion that 'most people' in a group have a particular mental state is not an opinion about 'the defendant' and thus does not violate Rule 704(b)." *Diaz v. United States*, 144 S.Ct. 1727, 1735 (2024). S.A. Young will not testify about Defendant Cole's intentions or that Defendant Cole in fact possessed marijuana and methamphetamine. He may testify regarding the amounts of marijuana and methamphetamine *generally* possessed by drug users versus drug traffickers.

The court finds the Government's expert notice [Docket Nos. 55 and 115] is sufficient under Fed. R. Crim. P. 16(a)(1)(G) and the testimony is admissible under Fed. R. Evid. 702. Moreover, the probative value of the testimony is not substantially outweighed by the risk of unfair prejudice. The Defendants' objection [Docket Nos. 110 and 113] is overruled.

**IT IS SO ORDERED** this 27th day of June, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**