# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>JASON DALE COLE, and<br>CRYSTAL FAYE CHESSER,<br><br>     Defendant. | Case No. CR-24-080-RAW |

## <u>ORDER</u>

Defendant Cole is charged in the Indictment with the following ten counts, each alleged

to have occurred on November 18, 2023:

- Count One: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);
- Count Two: possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2);
- Count Three: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Four: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii);
- Count Five: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);
- Count Six: possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D);
- Count Seven: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Eight: possession of unregistered firearm in violation of 26 U.S.C. §§ 5846, 5861(d) and 5871;
- Count Nine: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii); and
- Count Ten: maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

The Government has filed notices of intent to impeach Defendant Cole with his prior convictions pursuant to Federal Rule of Evidence 609 [Docket No. 49] and to admit evidence under Federal Rule of Evidence 404(b) [Docket No. 70].

In is Rule 609 notice, the Government lists the following six convictions:

(1) felony eluding (CF 1999-39R);
(2) distribution of controlled drug with intent to distribute (CF 1999-39R);
(3) driving a motor vehicle while under the influence of drugs (CF 2014-621);
(4) possession of firearm after former felony conviction (CF 2014-621);
(5) possession of controlled dangerous substance (CF 2014-621); and
(6) assault and battery upon a police officer (CF 2010-1135);

In its Rule 404(b) notice, the Government lists the following:

(1) three videos from Defendant Cole's surveillance camera showing Defendant Cole possessing firearms in October 2023;
(2) Defendant Cole's prior felony conviction for possession of firearm after former felony conviction (CF 2014-621);
(3) testimony that law enforcement seized over 240 pounds of ammunition during the search of Defendant Cole's premises on November 18, 2023; and
(4) testimony that Defendant Cole received two videos of a man shooting a pistol that had been converted into a machine gun on October 19, and October 24, 2023.

Now before the court is Defendant Cole's response and objection to the Government's notice of intent to impeach the Defendant with prior convictions pursuant to Rule 609 and the Government's response thereto [Docket Nos. 109, and 114.  Also before the court is Defendant Cole's objection to the Government's notice of intent to admit evidence under Rule 404(b) and the Government's response thereto [Docket Nos. 112, and 117].

### **Rule 609 Notice**

Rule 609 allows impeachment of a witness's character for truthfulness with evidence of a criminal conviction.  "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required

proving—or the witness's admitting—a dishonest act or false statement."  Fed. R. Evid. 609 (a)(2).

Otherwise, a defendant's crimes punishable by imprisonment of more than one year *must* be admitted if the probative value of the evidence outweighs its prejudicial effect to the defendant.  Fed. R. Evid. 609 (a)(1)(B).  If, however, more than ten years have passed since the conviction or release from confinement for it, whichever is later, the standard is more stringent— the evidence is admissible only if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect."  Fed. R. Evid. 609 (b)(1) (emphasis added).

The Government informs the court that the only conviction more than ten years old is for assault and battery on a police officer.  The Defendant was released in 2018 on the distribution of controlled drug with intent to distribute conviction.  He was released in 2017 for the remaining four convictions.  Accordingly, the less stringent standard applies to all but the assault and battery on a police officer conviction.

Again, "[w]hen the defendant is a witness in his own trial, the prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'"  *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014).  "This 'special balancing test' is used because 'the defendant faces a unique risk of prejudice—*i.e.,* the danger that convictions that would be excluded under [Rule 404] will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.'"  *Id*. (citing Fed. R. Evid. 609 Advisory Committee's Notes (1990 Amendments)).

"The well-settled rule in this circuit is that the permissible scope of cross examination under Rule 609 extends to the essential facts of the convictions, the nature of the crimes, and the punishment." *Id.* (citing *United States v. Commanche*, 577 F.3d 1261, 1270-71 (10th Cir. 2009). "The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." *Id.* (quoting *Burston*, 159 F.3d at 1335). Ultimately, "the burden is on the government to establish the admissibility of the prior convictions." *United States v. Crittendon*, No. 23-CR-00078-GKF, 2023 WL 2967891, at *2 (N.D. Okla. Apr. 17, 2023) (collecting cases).

In determining whether to admit Rule 609 evidence, the court considers: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Smalls*, 752 F.3d at 1240 (citation omitted).

The noticed prior convictions do not involve dishonesty or false statements; thus, they are not inherently probative of Defendant Cole's truthfulness. As noted above, all of the noticed convictions are within the last ten years except for the assault and battery on a police officer. Given the similarity of the noticed convictions to the charges in this case, the Government proposes to limit the information presented to the jury to the fact that he has been convicted of multiple felony offenses. As noted by the Government, the risk of any potential unfair prejudice can be significantly reduced by allowing the jury to hear only of the multiple felony convictions without identifying their specific nature or range of punishment. Moreover, limiting the information presented to the jury should reduce any risk that Defendant Cole will be unfairly

dissuaded from testifying in his defense.  Finally, should the Defendant testify, his credibility will be central to the outcome of the trial.

The fact of the Defendant's prior felony convictions may be used for impeachment purposes should the Defendant testify.  With one exception noted in the court's ruling on the 404(b) objection below, as proposed by the Government, it will not identify the specific nature of the convictions or range of punishment.  Accordingly, the Defendant's objection to the Government's notice of intent to impeach the Defendant with prior convictions pursuant to Rule 609 is overruled.

### Rule 404(b) Notice

Pursuant to Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).  Such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id*.

The court considers four factors in weighing admissibility under Rule 404(b): "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests."  *United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).  "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition."  *United States v. Burgess*, 576 U.S. 1078, 1098 (10th Cir. 2009) (citing *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001).

5

The Government noticed four categories of evidence. The first category – three videos from Defendant Cole's surveillance camera showing Defendant Cole possessing firearms in October 2023 – is offered to show that he knowingly possessed the firearms as charged, had the intent to possess them, and did not mistakenly or accidentally possess them. The videos are from October 18, 29, and 30, 2023, a mere month and less before the current allegations. The court finds that the *Huddleston* factors weigh in favor of admission of this evidence. The videos are offered for a proper purpose, they are relevant[1] and highly probative of Defendant Cole's knowledge and intent, the probative value of the evidence is not substantially outweighed by the prejudicial effect, and a limiting instruction will be given if the Defendant so requests. Defendant Cole's objection is overruled as to this category of evidence.

The second category – Defendant Cole's prior felony conviction for possession of firearm after former felony conviction (CF 2014-621) – is offered to show Defendant Cole's knowledge and intent and that he did not mistakenly or accidentally possess the firearms as charged. These are proper purposes. The Government is correct that his prior conviction is relevant to show that he had the knowledge that he was a convicted felon and knew that he was prohibited from possessing firearms. "[T]he fact that [Defendant Cole] *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense." *Id*. (emphasis in original). In fact, the conviction is highly probative of his knowledge and intent as well as his lack of mistake or accident.

As did the Tenth Circuit in *Moran*, the court acknowledges that the use of this prior conviction to prove knowledge and intent "involves a kind of propensity inference." *Id*. at 1145.

---

[1] *See United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006) ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent.").

6

As explained in *Moran*, however, "the inference is specific and does not require a jury to first draw the forbidden general inference of bad character or criminal disposition; rather, it rests on a logic of improbability that recognizes that a prior act involving the same knowledge decreases the likelihood that the defendant lacked the requisite knowledge in committing the charged offense." *Id*. Accordingly, should the Defendant raise the issue of his knowledge, intent, mistake, or accident with regard to the felon in possession of firearm charges, the court finds that the probative value is not substantially outweighed by its prejudicial effect. A limiting instruction will be given if the Defendant so requests. Defendant Cole's objection is overruled in part as to this category of evidence. If the Defendant does not raise these issues, the Government may only include the fact of the felony conviction, as stated in the Rule 609 ruling above.

The third category – testimony that law enforcement seized over 240 pounds of ammunition during the search of Defendant Cole's premises on November 18, 2023 – is *res gestae*.[2] Accordingly, Defendant Cole's objection is overruled as to this category of evidence.

The fourth category – testimony that Defendant Cole received two videos of a man shooting a pistol that had been converted into a machine gun on October 19, and October 24, 2023 – is offered to show Defendant Cole's knowledge and lack of mistake or accident. The Government intends to introduce the evidence only if Defendant Cole testifies that he did not know the pistol found in his truck had been modified to function as a machine gun. These videos received less than a month before the allegations charged in this case are offered for a proper purpose and are relevant. The probative value is not substantially outweighed by its prejudicial effect should the Defendant testify that he did not have knowledge of the pistol being modified to

---

[2] The court will rule on Defendant Cole's motion to suppress this evidence, the Report and Recommendation, and his objection thereto in a separate Order to follow.

function as a machine gun.  Of course, a limiting instruction will be given if the Defendant so requests.  Defendant Cole's objection is overruled as to this category of evidence.

As stated herein, Defendant Cole's objection to the Government's notice of intent to impeach the Defendant with prior convictions pursuant to Rule 609 [Docket No. 109] is overruled and Defendant Cole's objection to the Government's notice of intent to admit evidence under Rule 404(b) [Docket No. 112] is overruled in part.

**IT IS SO ORDERED** this 2nd day of July, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**