# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JASON DALE COLE, and<br>CRYSTAL FAYE CHESSER,<br><br>    Defendant. | Case No. CR-24-080-RAW |

## **ORDER**

Defendant Cole is charged in the Indictment with the following ten crimes, each alleged to have occurred on November 18, 2023:

- Count One: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);
- Count Two: possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2);
- Count Three: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Four: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii);
- Count Five: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);
- Count Six: possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D);
- Count Seven: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Eight: possession of unregistered firearm in violation of 26 U.S.C. §§ 5846, 5861(d) and 5871;
- Count Nine: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii); and
- Count Ten: maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

Defendant Chesser is charged only in Count Ten for maintaining a drug involved premises.

Now before the court are the Report and Recommendation ("R&R") issued by Magistrate Judge Gerald Jackson [Docket No. 133], the Defendants' objections thereto [Docket Nos. 144 and 147], and the Government's response to Defendant Cole's objection [Docket No. 152]. On May 6, 2025, Magistrate Judge Jackson held a hearing on Defendant Chesser's sealed motion to suppress [Docket No. 94][1] and Defendant Cole's motion to suppress [Docket No. 103][2]. Docket Nos. 122 and 126. Magistrate Judge Jackson recommends that both motions be denied in all respects, with the exception of the request for hearing which was previously granted and a suppression/*Franks* hearing held on May 6, 2025.

Defendant Chesser filed a two-page objection incorporating by reference all arguments previously set forth in her motion and supplement. Defendant Cole filed an objection arguing that Magistrate Judge Jackson improperly curtailed his cross-examination of Trooper Mulkey and his examination of defense witness Mark Roach. He argues that the Magistrate Judge did not properly evaluate Mulkey's credibility and thus, this court should reject the R&R and grant his motion to suppress.

Pursuant to 28 U.S.C. § 636(b)(1), the court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." The court has reviewed all of the briefing, as referenced above, along with attached exhibits. The court has also reviewed the transcript of the May 6, 2025 hearing. The court finds that Magistrate Judge

---

[1] The Government's response to this motion is at Docket No. 99. Defendant Chesser filed a supplemental brief after the hearing at Docket No. 128, to which the Government filed a response at 131.

[2] The Government's response to this motion is at Docket No. 103. Defendant Cole filed a supplemental brief after the hearing at Docket No. 129, to which the Government filed a response at 130.

Jackson's findings and recommendations are thorough and well-supported by the applicable law and the evidence.

The court agrees with the Magistrate Judge on each of his findings, including *inter alia*: that the traffic stop was justified at the inception; that Trooper Mulkey had probable cause to arrest Defendant Cole and was justified in conducting a full, warrantless search of his person; that the pat-down of Defendant Cole provided probable cause to search his vehicle; that the pistol lying in plain view inside Defendant Cole's vehicle provided probable cause to search his vehicle; that the automobile exception to the warrant requirement applies; that the information in the search warrant was not stale; that the search warrant was supported by probable cause; and that even if the search warrant lacked probable cause, the good faith exception would apply.

The court further finds that the Magistrate Judge properly evaluated Trooper Mulkey's credibility. Defendant Cole contends that Magistrate Judge Jackson improperly curtailed his cross-examination of Trooper Mulkey and his examination of defense witness Mark Roach. The court disagrees. After giving the defense considerable latitude, Magistrate Judge Jackson properly granted the Government's objection during the cross-examination of Trooper Mulkey and during the defense's direct examination of Mark Roach. Docket No. 126, at 130-32 and 164-69. In both instances, the defense was questioning the witness about evidence not relevant to this case or to the motions to suppress.

After a *de novo* review, the Report and Recommendation [Docket No. 133] is hereby AFFIRMED and ADOPTED as this court's findings and order. The Defendants' objections [Docket Nos. 144 and 147] are overruled. Accordingly, the motions to suppress [Docket Nos. 94 and 103] are denied in all respects, with the exception of the request for hearing which was previously granted and a suppression/*Franks* hearing held on May 6, 2025.

**IT IS SO ORDERED** this 7th day of July, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**