# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JASON DALE COLE, and<br>CRYSTAL FAYE CHESSER,<br><br>    Defendant. | Case No. CR-24-080-RAW |

## ORDER

Before the court are the Government's motion in limine to exclude references to Trooper Mulkey's prior use of force in the line of duty and unrelated civil litigation [Docket No. 50], Defendant Chesser's objection thereto [Docket No. 63], Defendant Cole's objection thereto and combined first motion in limine to allow cross-examination of Trooper Mulkey regarding his lack of truthfulness regarding four civil cases [Docket Nos. 111 and 119], and the Government's amended response to Defendant Cole's motion in limine [Docket No. 125].

In its motion, the Government moves to exclude references to two prior shooting incidents that occurred in the line of duty as well as any reference to three pending civil lawsuits against him alleging excessive force during traffic stops. He argues that the evidence is improper under Federal Rules of Evidence 401, 403, 404, and 608. In response, both Defendants point out that another civil lawsuit alleging excessive force was filed the day after the Government's motion was filed. Defendant Cole dubs these the "Four Cases."

Defendant Chesser argues that the prior shootings and ongoing civil litigation may reveal a pattern of behavior relevant to the current case, such as overzealousness or disregard for proper procedure or that they may indicate that Trooper Mulkey has a motive to fabricate or exaggerate

evidence to justify his actions or avoid further scrutiny. She urges the court to deny the Government's motion, arguing that the evidence is relevant, its probative value is not outweighed by any prejudicial effect, and it is admissible under the Federal Rules of Evidence. In the alternative, she requests that the court reserve its ruling, order the Government to produce material related to Trooper Mulkey in compliance with *Brady*, *Giglio*, and their progeny, and hold an evidentiary hearing.

Defendant Cole states that he has no intention of asking Trooper Mulkey any questions regarding the prior shootings but urges the court to deny the motion as to the "Four Cases." He further includes his own motion in limine "expressly requesting" that the court allow him to cross-examine Trooper Mulkey regarding his untruthfulness in relation to the four traffic stops described in the "Four Cases." Defendant requests that the court allow him "to cross-examine Mulkey regarding his falsification of his reports regarding these incidents and specifically his manufacture of criminal behavior by the people who were the subjects of the traffic stops in order to cover up his own behavior."

In response to Defendant Cole's motion, the Government argues that all of the cases involve traffic stops that occurred several years ago and are unrelated to the charges currently pending against Defendant Cole. The Government states that the "Four Cases" were brought by a law firm working with Trooper Mulkey's former Troop Captain who has a personal vendetta against Trooper Mulkey. The Government argues that this unrelated civil litigation is not relevant under Rule 401, as excessive force is not an issue in the case against Defendant Cole. The Government further argues that the defense has offered nothing more than conclusory allegations from aggrieved motorists that Trooper Mulkey pulled over in the past several years, and that there has been no finding by any court pertaining to misconduct on the part of Trooper Mulkey with regard to the pending civil litigation. The Government further argues that the

probative value of this evidence is low while the risks of unfair prejudice, confusing the issues, misleading the jury, and wasting time are high.

"Cross-examination is not an absolute or unlimited right in confrontation." *United States v. Atwell*, 766 F.2d 416, 419 (10th Cir. 1985) (citation omitted). "As long as the defendant's basic confrontation right is protected, it is within the trial court's discretion to limit the scope of cross-examination." *Id*. (citation omitted).

"Under Federal Rule of Evidence 608(b), specific unrelated instances of a witness's prior misconduct may be used to impeach the witness at the discretion of the court, however, only to the extent the misconduct reflects on the witness's character for truthfulness." *United States v. Beltran-Garcia*, 338 F. App'x 765, 770 (10th Cir. 2009) (citing Fed. R. Evid. 608(b)). "Furthermore, parties may only introduce specific instances by asking the witness on cross-examination about the incident, not by introducing documents or calling other witnesses." *Id*. (citation omitted). The court has discretion under Rule 608, and though the rule "does not explicitly specify how the trial court should exercise its discretion, the discretion must be exercised within the ambit of the other rules of evidence, including Rules 401, 402, and 403, which address the relevance and probative value of possible evidence." *Id*. (citation omitted).

Excessive force is not an issue in the current case against the Defendants. Moreover, as noted by Magistrate Judge Jackson in a related Report and Recommendation in this case, civil complaints contain allegations, not facts. The court finds that evidence of the two prior shooting incidents in the line of duty as well as evidence of the "Four Cases" alleging excessive force is not relevant in this case. Moreover, the court finds that any probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

The Government included an affidavit by Chief Williams of the Oklahoma Highway Patrol who avers that the OHP has no cases resulting in a finding of untruthfulness by Trooper Mulkey and that OHP is "aware of no matters involving Mulkey which would be subject to disclosure under *Brady-Giglio*." Docket No. 125-1, at 2. The court will not order the Government to produce material that does not exist and hold an evidentiary hearing.

Accordingly, the Government's motion in limine [Docket No. 50] is hereby GRANTED, and Defendant Cole's motion in limine [Docket Nos. 111 and 119] is hereby DENIED. While the defense may not question Trooper Mulkey about the prior shooting incidents or the "Four Cases" alleging excessive force, the defense may cross-examine him about the general issue of his truthfulness in relation to his position as an officer.

**IT IS SO ORDERED** this 7th day of July, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**