# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. CR-24-080-RAW |
| JASON DALE COLE, and CRYSTAL FAYE CHESSER, | |
| Defendant. | |

## ORDER

On October 1, 2025, Defendant Cole was found guilty by a jury of his peers of all ten

counts in the Superseding Indictment:

- Count One: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);
- Count Two: possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2);
- Count Three: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Four: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii);
- Count Five: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);
- Count Six: possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D);
- Count Seven: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Eight: possession of unregistered firearm in violation of 26 U.S.C. §§ 5846, 5861(d) and 5871;
- Count Nine: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii); and
- Count Ten: maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

The Defendant is now awaiting sentencing.

This case was originally filed on May 15, 2024. Since that time, the Defendant has been appointed eight (8) attorneys and has fired them all. Additionally, he filed a bar complaint against his eighth appointed attorney.

The court held a hearing on May 27, 2026, during which the court released the Defendant's eighth appointed attorney. During that hearing, the court admonished the Defendant that he has abused the system and instructed him to show cause as to why he has not waived his Sixth Amendment right to appointed counsel. The Defendant complained that all of his attorneys were ineffective, arguing primarily that they failed to raise the issue of the credibility of Trooper Mulkey.[1] The court admonished the Defendant that his trial is over and that he need not repeat those arguments in his show cause brief.

At one point during the hearing, the Defendant stated that he waived his right to counsel and was ready to proceed to sentencing. The right to counsel, however, may be waived by a defendant, only when "relinquishment of the right is voluntary, knowing, and intelligent." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). Thus, the court directed the Defendant to show cause.

Now before the court is the Defendant's "show cause letter" [Docket No. 228]. The Defendant again complains about Trooper Mulkey, argues without evidence that all of his attorneys were "clearly compromised by the courts to secure a conviction," requests that the undersigned recuse, and states that he has filed OBA grievances and is in the process of reporting the undersigned judge and the prosecutor to the D.O.J. office of the inspector general. In sum, Defendant believes everyone involved in this case has been against him.

---

[1] This court ruled on the issue of Trooper Mulkey's credibility on July 7, 2025 in an order affirming and adopting the Report and Recommendation issued by Magistrate Judge Jackson. *Docket No. 159.*

Still, despite having fired every attorney appointed to represent him, the Defendant unequivocally states that he does not wish to waive his right to counsel and requests that another attorney be appointed to assist him in filing a direct appeal. As the court noted above, the Defendant is currently awaiting sentencing.

The Defendant has no doubt abused the process. The Tenth Circuit has previously noted that "[a] defendant may not use the right to refuse representation of counsel to play a cat and mouse game with the court." *United States v. Padilla*, 819 F.2d 952, 959 (10th Cir. 1987). "When faced with a situation of potential abuse, the district court may properly impose restraints on the right to reject counsel to prevent the right from being manipulated so as to obstruct the orderly procedure of the courts." *Id.*

Nevertheless, out of an abundance of caution, the court will allow the Defendant one final appointed attorney. The court cautions the Defendant that his ***sentencing*** is the current issue. Of course, he may consult with his attorney regarding the filing of a direct appeal ***after*** his sentencing. Accordingly, the court hereby directs the Federal Public Defender to appoint counsel from the CJA panel forthwith for Defendant Jason Dale Cole.[2]

**IT IS SO ORDERED** this 24th day of June, 2026.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

[2] The undersigned judge declines to recuse in this case. Pursuant to 18 U.S.C. § 455, a judge shall recuse in any proceeding in which his impartiality might reasonably be questioned. The undersigned judge does not believe his impartiality might reasonably be questioned here. The Defendant's threat of filing complaints against the undersigned judge simply puts him in the same position as that of the other attorneys involved in this case. The undersigned judge has no personal bias or prejudice concerning the Defendant.