**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>JASON DALE COLE,<br>*Defendant.* | Case No. CR-24-080-RAW |

**ORDER**

The Defendant, Jason Dale Cole, was charged and convicted in this case of the following ten counts in a Superseding Indictment:

- Count One: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B);
- Count Two: possession of a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2);
- Count Three: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Four: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii);
- Count Five: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A);
- Count Six: possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D);
- Count Seven: felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8);
- Count Eight: possession of unregistered firearm in violation of 26 U.S.C. §§ 5846, 5861(d) and 5871;
- Count Nine: use and carry of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(B)(ii); and
- Count Ten: maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

The Defendant was committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 262 months on each of Counts One and Five, 120 months on each

of counts Two and Eight, 180 months on each of Counts Three and Seven, 360 months on each of Counts Four and Nine, 60 months on Count Six, and 240 months on Count Ten of the Superseding Indictment. The terms of imprisonment imposed on Counts Four and Nine will be served consecutively with each other and all other counts. The terms on all other counts will be served concurrently.

Defendant has appealed his conviction and sentence. His appeal remains pending before the Tenth Circuit Court of Appeals. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Of course, "lower courts retain jurisdiction after the filing of a notice of appeal over tangential matters and … certain ministerial functions in aid of the appeal, such as … issuing stays or injunctions pending appeal." *In re Fross*, 258 B.R. 26, 29 (B.A.P. 10th Cir. 2001) (internal brackets and quotations deleted). A general appeal "does not divest the district court of jurisdiction over peripheral, collateral matters such as attorneys' fees." *Howard v. Mail-Well Envelope Co*, 150 F.3d 1227, 1229 (10th Cir. 1998).

Now before the court is the Defendant's opposed motion to modify the protective order, Docket No. 31, for limited release of discovery [Docket No. 251]. "Because the district court retains jurisdiction over only 'peripheral matters unrelated to the disputed right,' application of the complete divestiture rule turns on the nature of the defense that is the subject of the appeal." *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1094 (D.N.M. 2016), aff'd, 863 F.3d 1226 (10th Cir. 2017) (citing Stewart v. Donges, 915 F.2d 572 ,276 (10th Cir. 1990)). The Defendant appeals his conviction and sentence. For jurisdictional purposes, the court finds the protective order a tangential or peripheral issue, unrelated to the Defendant's disputed rights.

The Defendant states that he is requesting access to the discovery to investigate, prepare, or preserve potential civil claims. The Government responds that due to the nature of the case, the discovery is voluminous and extensive, and there are numerous items that contain sensitive materials and personally identifying information, including media and phone data extractions. Of additional concern is that the discovery includes information about, and communications with, an individual who served as a law enforcement source. Dissemination of the discovery regarding the law enforcement source could place the source in physical danger.

The court agrees with the Government that for purposes of discovery, the instant criminal case should not be conflated with any civil matter. The Defendant should utilize civil processes and procedures to request discovery for any separate civil matters. The motion [Docket No. 251] is hereby DENIED.

**IT IS SO ORDERED** this 24th day of November, 2026.

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**